THE UNITED PORTO RICAN BANK, Plaintiff, *v.* MARÍA NIEVES DE GONZÁLEZ, Defendant; ORIENTE CORPORATION, Intervener and Appellee; and FRANCISCO VELA ACOSTA ET AL., Respondents and Appellants.

No. 5604.   Argued December 11, 1931.—Decided May 11, 1933.

*L. Muñoz Morales* for appellants.   *Walter L. Newsom, Jr., Henri Brown,* and *C. Ruíz Nazario* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The United Porto Rican Bank brought a foreclosure suit in the District Court of Humacao against María Nieves de González, praying that the defendant be formally required (*requerida*) to pay to the plaintiff $35,000, with interest thereon, and warned that upon her failure to make such payment within 30 days the two mortgaged properties securing the debt would be sold at public auction.   It alleged that subsequent to said mortgage several liens appeared as burdening said properties in the registry of property, among them, an

attachment levied by Congress Cigar Company to secure the effectiveness of the judgment in an action of debt brought by it against María Nieves, and another attachment levied for a similar purpose in a suit brought by Deogracias González García against said María Nieves, also to recover a debt. A formal demand for payment within said period was served on María Nieves and also on Jacinto A. Palacios, who had purchased the property in the execution sale in the suit brought by Deogracias González García which we have already mentioned. Neither María Nieves nor Jacinto A. Palacios paid the mortgage debt, and both properties were sold at public auction in the foreclosure proceeding and awarded to the plaintiff bank. A few hours after that auction was held, said properties were sold by the same marshal in the suit brought by Congress Cigar Company, and awarded to Francisco Vela Acosta, who two days later bought said properties from Jacinto A. Palacios by a public deed. When the marshal's deed to the bank was presented for record in the registry of property, it was recorded without prejudice to the rights that Francisco Vela Acosta might have. At that time there existed a cautionary notice in favor of the latter with respect to the conveyance to him by Jacinto A. Palacios. This Supreme Court reversed the denial of record of Vela's title which had caused said cautionary notice, and the properties were recorded in his favor, the records in favor of United Porto Rican Bank being canceled. Oriente Corporation purchased from the United Porto Rican Bank the properties that had been awarded to said bank in the foreclosure proceeding, and brought suit in the District Court of Humacao against Jacinto A. Palacios, Francisco Vela Acosta, and other persons, to annul the public auctions at which said properties had been sold to Palacios and Vela and the records made in pursuance thereof in the registry of property, and to recover from the defendants the damages caused by reason

of said public auctions and awards. While a question of law was pending determination by the court in said suit, Oriente Corporation intervened in the foreclosure proceeding brought by the bank from whom it had bought, and moved the court to order the cancellation of the records made in the registry in favor of Jacinto A. Palacios and Francisco Vela. The latter was the only one who opposed this motion and, after evidence was introduced thereon and the parties were heard, the court issued an order for the cancellation of said records; whereupon Francisco Vela took the present appeal.

The first error assigned in support of the appeal is that the lower court erred in permitting Oriente Corporation to intervene, in violation of sections 72 and 348 of the Code of Civil Procedure. The first of these sections provides for the intervention, before trial, in a suit, in the cases therein specified; and section 348 determines when a suit is deemed to be pending.

Although Oriente Corporation entitled the motion giving rise to this appeal as one for intervention in the foreclosure proceeding, however, by its allegations it was not one to intervene but to be substituted in place of the bank who had sold to it the properties awarded in its favor; hence the sections cited have no application and, consequently, they were not violated.

By the second assignment it is claimed that the court erred in overruling the plea of *res judicata* set up against said motion.

That plea was based on the fact that the court had previously refused, within the foreclosure proceeding, to cancel the record; but this ruling does not appear in the record before us. In any event, it is not asserted that the ruling was made in another suit between the same parties and for the same cause of action but in the foreclosure proceeding in which the motion was presented; hence it was not *res judicata.* A previous order rendered in the same proceeding is not in the

nature of *res judicata;* the court may modify the same in the interest of law and justice.

A further ground of appeal is the failure of the court to sustain the plea of the pendency of another suit between the parties and for the same cause of action which was set up by Vela in his answer to the motion for cancellation.

Section 105 of the Code of Civil Procedure provides that the defendant may demur to the complaint when there appears on the face thereof any one of certain specified grounds, and the third ground is, where there is another action pending between the same parties for the same cause; and section 108 of the same code provides that when any of the matters enumerated in section 105 do not appear upon the face of the complaint, the objection may be taken by answer.

The general rule is well established in California, where a Code of Civil Procedure similar to ours exists, that the pendency of a prior action based on the same cause, between the same parties, and in the same jurisdiction, is ground for the abatement of the second action; which rule is based in part upon the supposition that the first suit is effective and affords an ample remedy to the party and hence that the second is unnecessary, and in part upon the principle that the law abhors a multiplicity of actions, although the rule has some exceptions, as in the case of a petition for a writ of mandamus or where the complaint in the former action is so defective that judgment thereon would be a nullity. 1 California Jurisprudence, p. 23; *Banco Territorial y Agrícola* v. *Arvelo,* 7 P.R.R. 551.

The motion which Oriente Corporation filed in the foreclosure proceeding after the properties mortgaged by María Nieves had been sold at public auction and awarded to the purchasers, and which has for its purpose the cancellation of the records made in the registry of property in favor of

Jacinto A. Palacios and Francisco Vela, is equivalent to a complaint filed for such purpose, and hence subject to the plea of another action pending.

Although the foreclosure proceeding was commenced before suit was brought by Oriente Corporation, however, when the latter filed the motion to which we have referred, its suit for the annulment of the public auctions and for cancellation of the records had already begun and was pending; so that there only remains for us to determine whether the pending suit and the subsequent motion in the foreclosure proceeding are based on the same cause of action, since there is no doubt that Oriente Corporation, Jacinto A. Palacios, and Francisco Vela are parties in both cases.

We said at the beginning that the suit brought by Oriente Corporation has for its purpose the annulment of the public auctions at which the properties were awarded to Jacinto A. Palacios and Francisco Vela, and the cancellation of the records made in the registry; and the motion filed by the said Oriente Corporation in the foreclosure proceeding has also for its purpose the cancellation of the records made in the registry of property in favor of both said persons; for which reason it must be concluded that both matters involve the same cause of action, and that the former suit affords ample remedy to the parties. Therefore, the plea of another action pending should have been sustained, and the lower court erred as claimed in overruling the same.

For the reasons stated the order appealed from must be reversed and another rendered instead denying the motion of Oriente Corporation, of January 13, 1930, entered in the foreclosure proceeding of United Porto Rican Bank against María Nieves de González, in the District Court of Humacao.

Mr. Justice Córdova Dávila took no part in the decision of this case.